SWAIN, ORIGIN.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 2 4 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -x
GREGORY MARTINEZ,                      :
                                       :
                Plaintiff,             :
                                       :
        - v. -                         :
                                       :          ORDER
MICHAEL J. ASTRUE,                     :   00 Civ. 4185 (LTS)
Commissioner of                        :
Social Security,                       :
                                       :
                Defendant.             :
                                       :
- - - - - - - - - - - - - - -   x

        WHEREAS, this action was remanded to the

Commissioner of Social Security (the "Commissioner") for

further administrative proceedings on October 5, 2000, and

        WHEREAS, on December 28, 2001, the Commissioner

issued  a  favorable  decision  (copy  attached)  on  plaintiff's

application for benefits;

        IT IS HEREBY ORDERED that this action is

dismissed with prejudice and without costs to either party.

The Clerk is directed to enter judgment.

Dated: New York, New York

        September 23 , 2009

                              _____
                              United States District Judge

**SOCIAL SECURITY ADMINISTRATION**

Refer To: 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

Office of Hearings and Appeals
26 Federal Plaza
29th Floor, Room 2909
New York, NY 10278-0199

Date: **DEC 2 8 200?**

Gregory Martinez
14-16 West 107th Street
Apt. 2E
New York, NY 10025

## NOTICE OF DECISION – FULLY FAVORABLE

I have made the enclosed decision in your case. Please read this notice and the decision carefully.

### This Decision is Fully Favorable To You

### The Appeals Council May Review The Decision On Its Own

The Appeals Council may decide to review my decision even though you do not ask it to do so. To do that, the Council must mail you a notice about its review within 60 days from the date shown above. Review at the Council's own motion could make the decision less favorable or unfavorable to you.

### If You Disagree With The Decision

If you believe my decision is not fully favorable to you, or if you disagree with it for any reason, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative must request the Appeals Council to review the decision. You must make the request in writing. You may use our Request for Review form, HA-520, or write a letter.

You may file your request at any local Social Security office or a hearing office. You may also mail your request right to the Appeals Council, Office of Hearings and Appeals, 5107 Leesburg Pike, Falls Church, VA 22041-3255. Please put the Social Security number shown above on any appeal you file.

See Next Page

## Time To File An Appeal

To file an appeal, you must file your request for review **within 60 days** from the date you get this notice.

The Appeals Council assumes you got the notice 5 days after the date shown above unless you show you did not get it within the 5-day period. The Council will dismiss a late request unless you show you had a good reason for not filing it on time.

## Time To Submit New Evidence

You should submit any new evidence you wish to the Appeals Council to consider **with your** request for review.

## How An Appeal Works

Our regulations state the rules the Appeals Council applies to decide when and how to review a case. These rules appear in the Code of Federal Regulations, Title 20, Chapter III, Part 416, Subpart N.

If you file an appeal, the Council will consider all of my decision, even the parts with which you agree. The Council may review your case for any reason. It **will** review your case if one of the reasons for review listed in our regulations exists. Section 416.1470 of the regulations lists these reasons.

Requesting review places the entire record of your case before the Council. Review can make any part of my decision more or less favorable or unfavorable to you.

On review, the Council may itself consider the issues and decide your case. The Council may also send it back to an Administrative Law Judge for a new decision.

## If No Appeal And No Appeals Council Review

If you do not appeal and the Council does not review my decision on its own motion, you will not have a right to court review. My decision will be a final decision that can be changed only under special rules.

See Next Page

Gregory Martinez (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)                                    Page 3 of 3

**If You Have Any Questions**

If you have any questions, you may call, write or visit any Social Security office.  If you visit an office, please bring this notice and decision with you.  The telephone number of the local office that serves your area is 212-860-6111.  Its address is 55 West 125th Street,, New York NY  10027.

NEWTON GREENBERG
Administrative Law Judge


cc:   Michael J Barnas
      475 5th Avenue Ste. 602
      New York, NY 10017

## SOCIAL SECURITY ADMINISTRATION
### Office of Hearings and Appeals

### DECISION

**IN THE CASE OF**

**CLAIM FOR**

Gregory Martinez
(Claimant)

Supplemental Security Income


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
(Wage Earner)

(Social Security Number)


This case is before the Administrative Law Judge on remand by the Appeals Council pursuant to the Order of the United States District Court for the Southern District of New York (Civil Action Number 00 Civ. 4185 (LTS)). By order dated February 7, 2001 the Appeals Council vacated the Administrative Law Judge's decision dated March 17, 1998 and remanded the case for further proceeding.

A supplemental hearing was held on September 26, 2001 in New York, New York at which the claimant appeared and testified. The claimant was represented by Michael Barnes, Esq. The claimant's wife, Abby Martinez, testified.

The prior record is hereby incorporated but not the inferences, findings or conclusions therein.

### ISSUES

The general issue is whether the claimant is disabled under section 1614(a)(3)(A) of the Social Security Act. The specific issue is whether the claimant is under a disability, which is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

### **EVALUATION OF THE EVIDENCE**

The claimant is a 39year-old individual. He is a high school graduate. He last worked in 1984.
He alleges disability due to injuries sustained in an accident. He was hospitalized for 6 months.
He has severe back pain with nerve damage and uses a cane to walk.   He has been receiving
supplemental security income for approximately 6 months.

In order to determine the issue of disability, the regulations provide for a five-step sequential
evaluation process.

Pursuant to the first step of the sequential evaluation process the claimant has not engaged in
substantial gainful activity since the date of application.

On December 11, 1996 Dr. Graham, a consulting physician, examined the claimant and
diagnosed a history of back, neck and joint pain with no significant functional deficit and asthma
with no evidence of bronchial spasm. In his opinion the claimant had no limitations of sitting,
standing, walking, lifting or carrying (Exhibit t2F). Pulmonary function studies were normal
(Exhibit t3F).

Records from the William Ryan Community Medical Center document that the claimant has a
history of herniated lumbar disc and right sided neck and shoulder pain and arthrosis in both
knees status post motor vehicle accident in 1984. On October 16, 1996 Dr. Mack reported that
the claimant has been treated since 1995 for chronic pain and gastroesophageal reflux disease. In
Dr. Mack's opinion the claimant is unable to work (Exhibit t1f).

CT scan of the lumbar spine on October 23, 1997 documents mild spinal stances at L2-L3 and
L3-L4 and disc protrusion at L5-S1 with compression the S1 nerve root. MRI on May 21, 1997
documents sclerotic lamina on the right at L5 (Exhibit 6F).

Dr. Jay Kulak responded to interrogatory questions on December 12, 1998. The physician
reported that the claimant was treated every 1-4 months since 1984 and was last treated on
January 25, 1989. The claimant had chondromalacia and synovitis or the right knee, cervical and
lumbar spasm and right sciatica. He was status post arthroscopy of the right knee. In his opinion
the claimant was able to sit for 4 hours, stand or walk 4-6 hours during an 8-hour day and lift and
carry 10-20 pounds (Exhibit AC-2).

Records from St. Luke's Roosevelt Hospital document that the claimant received emergency
room testament for low back pain and was diagnosed with lumbar radiculopathy on January 25,
2001 (exhibit tr9F).

On October 17, 2001 Dr. Nelson of the Ryan Center reported that the claimant had a history of
chronic back pain since 1984, herniated disc since 1986 and reinjured his back in 1996 and
sustained a fractured shoulder and has marked esophageal reflux. Clinical findings include
persistent back pain and cervical muscle spasms. He has also been treated for headaches and
episodes of dizziness, heart fluttering and involuntary movements of the legs. He is treated with
medication and cortisone injections for pain management. In her professional opinion the
claimant cannot sit, stand or walk for 30 minuets and cannot lift or carry any weight. He is

unable to bend, squat, climb, grasp, push or pull and cannot perform fine manipulations (Exhibit 11F).

After careful consideration of the entire record I find that the claimant has multiple impairments which result in more than a minimal functional restriction and constitute a severe impairment; however, the evidence is not sufficient to establish the specific requirements for a listed impairmetn in the listings of impairments in Appendix 1, Subpart P, Regulations no. 4. A determination must therefore be made of whether the claimant retains the residual functional capacity to perform the requirements of past relevant work or can adjust to other work.

The undersigned considered the claimant's testimony and demeanor at the hearing and found it to be credible. Pursuant to Social Security Ruling 96-7p, the undersigned has taken into consideration all of the claimant's subjective complaints. The claimant has an underlying medically determinable impairment that could reasonably cause the pain that the claimant alleges. The claimant has been receiving treatment since his initial injury and is under pain management care for back, neck and shoulder pain, which has not responded to treatment. The claimant's testimony regarding his pain and limitations is consistent with the reports of his treating physicians.

After careful consideration of the entire record I find that the claimatn has a combination of impairments which would prevent him from performing even sedentary work on a sustained basis for an 8-hour workday. In arriving at this conclusion the undersigned notes that Dr. Graham diagnosed a history of back, neck and joint pain and found limitations of sitting, standing, walking, lifting or carrying (Exhibit 2F) however, greater weight was given to the reports of the treating physicians. Dr. Jay Kulak diagnosed chondromalacia and synovitis or the right knee, cervical and lumbar spasm and right sciatica and opined that the claimant was unable to sit for more than 4 hours during an 8-hour day (Exhibit AC-2). Dr. Nelson reported that the claimant had a history of chronic back pain since 1984, herniated disc since 1986 and reinjured his back in 1996 and sustained a fractured shoulder and has persistent back pain and cervical muscle spasms, headaches and episodes of dizziness, heart fluttering and involuntary movements of the legs. Dr. Nelson found the claimant unable to unable to bend, squat, climb, grasp, push or pull and cannot perform fine manipulations or sit, stand or wälk for more than 30 minuets or lift or carry any weight (Exhibit 11F). Therefore, I find that the claimant is unable to perform even the minimal exertion required for sedentary work activity.

The claimant has no past relevant work to consider. Once a claimant has established that he or she has no past relevant work or cannot perform his or her past relevant work because of his or her impairments, in accordance with Acquiescence Ruling 00-4(2), the burden shifts to the Commissioner to show that the claimant has the residual functional capacity to perform other jobs existing in significant numbers in the national economy. This determination is made in conjunction with the medical-vocational guidelines of Appendix 2 of Subpart P of the regulations (20 CFR Part 404). Appendix 2 contains a series of rules that direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's age, education, work experience, and residual functional capacity.

The claimant is a younger individual. He is a high school graduate with no vocational history. In this case the claimant cannot perform work at any exertional level and is further restricted by non-exertional limitations. Using the medical vocational rules and guidelines in Appendix 2, Subpart P, Regulations no. 4, as a framework for decisionmaking, I find that jobs do not exist in significant numbers in the national economy. Accordingly, I find that the claimant is disabled as defined in the Social Security Act.

## FINDINGS

After careful consideration of the entire record, the Administrative Law Judge makes the following findings:

1. The claimant has not engaged in substantial gainful activity since November 21, 1996 the date of application.

2. The medical evidence establishes that the claimant has the following severe impairments: chronic back pain with radiculopathy, shoulder pain, cervical pain, gastroespohageal reflux, asthma and headaches.

3. The claimant has no impairment that meets or equals the criteria of any impairment listed in Appendix 1, Subpart P, Regulations No. 4.

4. The claimant's assertions concerning his inability to work are credible.

5. The claimant does not retain the residual functional capacity to perform work at any exertional level.

6. The claimant has no past relevant work to consider.

7. The claimant is a younger individual.

8. The claimant is a high school graduate.

9. The claimant has non-exertional impairment, which result in the inability to perform work at any exertional level. Using the claimant's vocational profile and the medical vocational rules in Appendix 2, as a framework, I find that the claimant's residual functional capacity is so restricted as to preclude the performance of any sustained work on a regular basis at any exertional level.

10. The claimant has been under a disability, as defined in the Social Security Act, since November 21, 1996.

## **DECISION**

Gregory Martinez (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)                                    Page 5 of 5

It is the decision of the Administrative Law Judge that based on the application filed on
November 21, 1996 the claimant was disabled under section 1614(a)(3)(A) of the Social Security
Act, and that the claimant's disability has continued at least through the date of this decision.

The component of the Social Security Administration responsible for authorizing Supplemental
Security Income payments will advise the claimant regarding the nondisability requirements for
these payments, and if eligible, the amount and the months for which payment will be made.

NEWTON GREENBERG
Administrative Law Judge

DEC 2 8 2001
Date